# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

WAYNE CLEMMER,

    Plaintiff,

v.                                           CASE NO. 4:05cv349-RH/WCS

STATE OF FLORIDA,
DEPARTMENT OF CHILDREN
AND FAMILY SERVICES,

    Defendant.

_____/

## ORDER OF DISMISSAL AND REMAND

    This is an age discrimination case.  Plaintiff sued the defendant State of Florida Department of Children and Family Services in state court alleging claims under both the federal Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621-634 ("ADEA"), and the Florida Civil Rights Act of 1992.  Defendant removed the case to this court.  Plaintiff has moved to remand the entire action (including the federal claim).  Defendant has moved to dismiss the federal claim and to remand the remaining state claim.

    Plaintiff's motion, if granted, would leave the ADEA claim pending for

adjudication in state court.  Defendant's motion seeks a ruling dismissing the ADEA claim and sending only the state claim back to state court.  I grant defendant's motion.

The Supreme Court has held that Congress can abrogate a state's Eleventh Amendment and sovereign immunity when validly acting under the Fourteenth Amendment but not when acting under the commerce clause.  *See, e.g., Alden v. Maine*, 527 U.S. 706, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999).  When Congress acts only under the commerce clause, therefore, Congress cannot subject a non-consenting state to suit, even in the state's own courts.  In *Kimel v. Florida Board of Regents*, 528 U.S. 62, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000), the Court held that the ADEA is not a valid exercise of Congress's authority under the Fourteenth Amendment.  Under *Kimel*, therefore, non-consenting states cannot be sued under the ADEA.

Although the State of Florida has consented to suit for violations of the Florida Civil Rights Act of 1992, *see* §§760.11, 768.28, Fla. Stat. (2005), the state has not consented to suit under the ADEA.  The Department of Children and Family Services is an arm of a state with the same sovereign immunity as the state itself.  Plaintiff's ADEA claim thus must be dismissed.

*Lapides v. Board of Regents*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002), is not to the contrary.  There plaintiff sued a state in state court

asserting unfounded federal claims as well as claims arising under state law.  By statute, the state had explicitly waived its immunity from state law claims of this type when asserted in state court, but not when asserted in federal court.  The state removed the action in order to litigate the federal claims in federal court but asserted that, under the Eleventh Amendment, the state could not be compelled to defend the state claims in federal court.  The Supreme Court held that by removing the action to federal court, the state waived its Eleventh Amendment immunity from the state law claims.

The Court explicitly declined to address the question whether removal would waive a state's immunity from claims for which the state had *not* consented to suit in state court.  535 U.S. at 617-18.  That is the issue presented in the case at bar.  I hold that removal waives any objection to litigation in federal rather than state court but does *not* waive immunity that would foreclose a claim in *any* court, state or federal.  This is so because a state that removes an action affirmatively chooses federal rather than state court as the forum in which the litigation will go forward, but choosing federal rather than state court says nothing about a state's willingness to have the action go forward at all.  Defendant thus has not waived its immunity from plaintiff's ADEA claim.

Plaintiff asserts, however, that I should not even reach the issue of whether the ADEA claim is barred, and that I should instead send the entire case (including

the ADEA claim) back to state court.  Plaintiff asserts both procedural and substantive grounds for this position.

Plaintiff's procedural argument is that defendant filed no memorandum in support of the notice or removal as purportedly required by Local Rule 7.1.  But Local Rule 7.1 requires a memorandum only in support of a motion.  A notice of removal is not a motion.  Defendant's notice of removal fully complied with the governing removal statutes and did not violate any local rule.

Plaintiff's substantive ground recognizes that the ADEA claim cannot go forward under *Kimel* but wrongly concludes from this that the ADEA claim does not really arise under federal law so as to come within the court's "arising under" jurisdiction.  But the ADEA is a federal statute, and a claim for relief under that statute, even if unfounded, arises under federal law.  *See, e.g., Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 90, L. Ed. 2d 939 (1946) (holding that for jurisdictional purposes, claim need not be well founded in order to "arise under" federal law: "it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction").  The ADEA claim was properly removed and, under *Kimel*, must be dismissed.

This leaves pending plaintiff's state law claim.  As a matter of discretion, and in consideration of all the circumstances including especially the early stage of the case, I decline to exercise supplemental jurisdiction over the state claim. *See* 28

U.S.C. §§1367(c)(3) & §1447(c).

For these reasons,

IT IS ORDERED:

1. Plaintiff's motion to remand (document 4) is DENIED.

2. Defendant's motion to dismiss (document 6) is GRANTED. I hereby expressly determine that there is no just reason for delay and expressly direct the clerk to enter judgment stating, "Pursuant to Federal Rule of Civil Procedure 54(b), plaintiff's claim under the federal Age Discrimination in Employment Act is dismissed with prejudice." Plaintiff's claim under the Florida Civil Rights Act of 1992 remains pending.

3. This action is remanded to the Circuit Court, Second Judicial Circuit, Leon County, Florida. The clerk shall take all steps necessary to effect the remand.

4. Plaintiff's motion (document 10) for an extension of the deadline for responding to the motion to dismiss is GRANTED. Plaintiff's response as filed (document 11) is deemed timely and has been considered.

SO ORDERED this 17th day of October, 2005.

                                            s/Robert L. Hinkle
                                            Chief United States District Judge